UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

IN RE:                          )
                                )
Ann F. Witherspoon,             )      Case No. 08-11830 C-13G
                                )
        Debtor.                 )

## OPINION AND ORDER

This case came before the court on April 21, 2009, for hearing on the application for allowance and payment of attorney's fees filed by Samuel S. Spagnola (the "Application") (Docket Item #51). Samuel S. Spagnola (the "Applicant") appeared, as did Anita Jo Kinlaw Troxler, the Chapter 13 Trustee (the "Trustee"), Robyn C. Whitman, attorney for the United States Bankruptcy Administrator, and Ann F. Witherspoon (the "Debtor"), who appeared pro se. Having considered the Application and other matters of record, the evidence offered at the hearing, and the arguments offered on behalf of the parties, the court finds and concludes as follows:

1. This case was commenced on November 7, 2008, as a case under Chapter 13 of the Bankruptcy Code.

2. The Applicant was attorney for the Debtor when this case was commenced and continued as such until February 13, 2009, when he was allowed to withdraw.

3. Although the Debtor made some payments to the Trustee after this case was commenced, the Debtor fell behind in making the payments required pursuant to section 1327 of the Bankruptcy Code. As a result of the Debtor's default, the Trustee made a motion to

dismiss this case which was scheduled for hearing on February 24, 2009. On that date, the court granted the Debtor's request for a continuance of the dismissal hearing on condition that the Debtor pay to the Trustee the sum of $5,050.00, the amount required to bring the Debtor current, on or before February 27, 2009. The order further provided that if the Debtor failed to make such payment by February 27, 2009, this case would be automatically dismissed without further notice or hearing (Docket Item #41). The Debtor failed to make the payment required under the order and also failed to attend the meeting of creditors, and an order was entered on March 6, 2009, dismissing this case (Docket Item #46).

4. At the time of the dismissal, the Trustee was holding the sum of $8,420.00 that had been paid by the Debtor prior to the dismissal.

5. The Application was filed on March 25, 2009. In the Application, the Applicant requests that he be allowed an attorney's fee of $2,500.00 for services rendered on behalf of the Debtor in connection with this case, and that the attorney's fee allowed by the court be paid from the funds being held by the Trustee. The Application describes the services that were provided by the Applicant and itemizes the time expended in providing such services, which totals 16.5 hours. The Applicant seeks approval of an attorney's fee of $2,500.00 for his services and requests that such fee, less $500.00 previously paid to the Applicant, be paid to

the Applicant from the funds being held by the Trustee.

6. Although no written objection to the Application was filed by the Debtor, the Debtor objected at the hearing to any attorney's fee being paid to the Applicant.

7. The Debtor argued that the payment of an attorney's fee to the Applicant is a matter that must be resolved in state court and that this court has no authority to allow an attorney's fee to be paid from the funds held by the Trustee. This argument is without merit. Under section 1326(a)(2), the funds paid by a Chapter 13 debtor are to be retained by the Trustee until confirmation or denial of confirmation. Where, as in this case, the Chapter 13 case is dismissed prior to confirmation, section 1326(a)(2) provides that the Trustee is to return the funds to the debtor "after deducting any unpaid claim allowed under section 503(b)." The administrative expense claims provided for in section 503(b) include a claim for "compensation and reimbursement awarded under section 330(a) of this title. . . ." 11 U.S.C. § 503(b)(2). Section 330(a)(4)(B) authorizes the bankruptcy court to award reasonable compensation to the attorney for an individual debtor in a Chapter 13 case "for representing the interests of the debtor in connection with the bankruptcy case. . . ." The Application seeks compensation for services provided by the Applicant in representing the Debtor in connection with this case and any compensation awarded in response to the Application thus constitutes

compensation awarded under section 330(a). Any such compensation that is awarded gives rise to an administrative expense claim under section 503(b)(2) which, in turn, constitutes an unpaid claim under 503(b) that may be deducted from the funds held by the Trustee as authorized under section 1326(a)(2). These provisions of the Bankruptcy Code clearly authorize this court to hear and rule on the Application, to award reasonable compensation to the Applicant, and to provide for such an award to be paid from the funds held by the Trustee.

8. The services provided by the Applicant in connection with this case and the time expended in providing such services include the following: initial consultation with the Debtor (1 hour); review of the Debtor's finances (2.5 hours); preparation of petition and schedules and formulation of plan (4 hours); additional consultation with the Debtor and revision of schedules to reflect corrected information provided by the Debtor (2.0 hours); preparation of motion to extend the automatic stay and appear in court for hearing on motion (2.0 hours); prepare for and appear in court for hearings on Trustee's motions to dismiss case (3.5 hours); and receipt of additional information from the Debtor, preparation of amendments to the schedules and making additional calculations regarding Debtor's finances and plan (2.0 hours).

9. The foregoing services were necessary in order for the Applicant to adequately represent the Debtor in this Chapter 13

case and were beneficial to the Debtor at the time they were performed. Such services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the matters addressed by such services. The $2,500.00 of compensation requested by the Applicant amounts to an hourly rate of $151.50 and is reasonable compensation for the services provided, and well within the customary compensation charged by comparably skilled practitioners performing such services in Chapter 13 cases in this District.

10. The Debtor's defaults and the resulting dismissal of this case do not result in the loss of the compensation that was earned by the Applicant for services that were rendered prior to the dismissal and at a time when such services appeared necessary and reasonably likely to benefit the Debtor. The same is true with respect to the Applicant's withdrawal from representation, which occurred after the services were rendered and which was fully justified by the actions of the client and approved by the court.

11. The Trustee has incurred reasonable and necessary expenses and costs in this case totaling $84.50 which constitute an administrative expense under section 503(b) that also may be paid from the funds held by the Trustee pursuant to section 1326(a)(2).

Now, therefore, it is ORDERED, ADJUDGED AND DECREED as follows:

(1) The Applicant is hereby allowed reasonable compensation of

$2,500.00 for the above-described legal services that were provided by the Applicant for the Debtor in connection with this case;

(2) The $2,500.00 which is due for such services shall be reduced by the $500.00 paid to the Applicant prior to the commencement of this case, leaving an unpaid balance of $2,000.00 owing to the Applicant;

(3) The unpaid balance of $2,000.00 due the Applicant shall be paid from the funds held by the Trustee in this case;

(4) The Trustee is authorized to retain the sum of $84.50 for costs incurred in this case; and

(5) The balance of the funds held by the Trustee shall be paid to the Debtor.

This 29th day of April, 2009.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Ann F. Witherspoon
c/o The Berryman Home
223 Berryman Street
Greensboro, NC 27405

Samuel S. Spagnola, Esq.
216-B Commerce Place
Greensboro, NC 27401

Anita Jo Kinlaw Troxler, Trustee

Michael D. West, Bankruptcy Administrator